963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert S. RIVKIN, Plaintiff-Appellant,
v.
Donald B. RICE, Secretary of the Air Force, et al.,
Defendants-Appellees.
 No. 91-15476.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 14, 1992.
Decided May 20, 1992.
 
 Before HUG, SKOPIL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Rivkin, a civilian attorney, sued in federal court to obtain an injunction prohibiting Donald Rice, Secretary of the Air Force, Keithe Nelson, Judge Advocate General of the Air Force, and John Howell, Chief, U.S. Air Force Judiciary, from detailing Kenneth Randall, Chief Judge of the United States Air Force Judiciary, to any court-martial or proceeding in which Rivkin has been retained as the defense attorney. The district court granted the defendants' motion for summary judgment because it found that Rivkin's claim was non-justiciable.[1] Rivkin appeals. We dismiss the case as moot.
 
 
 3
 Federal courts do not have jurisdiction to decide moot cases because they have the constitutional authority to decide only actual cases or controversies. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983). "To satisfy the Art. III case-or-controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." Id. at 70. "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir.1987).
 
 
 4
 DeFunis v. Odegaard, 416 U.S. 312 (1974), compels our conclusion that Rivkin's case is moot. In DeFunis the plaintiff sued a law school that had denied him admission. DeFunis argued that the law school's admissions procedures and criteria discriminated against him on account of his race. The trial court issued a mandatory injunction requiring the law school to admit the plaintiff. By the time the Supreme Court heard oral argument, DeFunis was registered for his last quarter of law school, and the law school had made it clear that it would not attempt to interfere with his completion of his last quarter. The Court therefore determined that the case was moot. Id. at 319-20.
 
 
 5
 In determining that Defunis's case was moot, the Court noted that the only remedy DeFunis sought was an injunction requiring his admission to the law school. Id. at 317. DeFunis did not seek to enjoin the law school from continuing its admissions policy. The relevant policy was the school's policy of permitting DeFunis to finish law school, not the school's admissions policy. Id. at 318.
 
 
 6
 On appeal, Rivkin claims that his suit seeks a random assignment system. Rivkin's complaint, however, sought only an injunction preventing Judge Randall from deciding any of Rivkin's cases. The complaint did not seek to enjoin the Air Force's procedures for assigning judges to cases. Indeed, an injunction requiring a random assignment of cases would have conflicted with an injunction preventing Judge Randall from deciding any of Rivkin's cases; under a random assignment system, Judge Randall could have been assigned to one of Rivkin's cases. Thus, it is clear that Rivkin sued only to prevent Judge Randall from hearing any of his cases. Since Judge Randall has now retired, Rivkin has received exactly what he requested; Judge Randall will not decide any more of Rivkin's cases. Therefore, there is no remedy that this court can provide.
 
 
 7
 Rivkin argues, however, that the issue is capable of repetition but evading review. The "capable of repetition but evading review" doctrine is an exception to the mootness doctrine. The exception is limited to cases in which: (1) the challenged action was too short to be fully litigated prior to its cessation, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. Weinstein v. Bradford, 423 U.S. 147, 149 (1975). Since Judge Randall has retired, there is no reasonable expectation that he will be assigned to one of Rivkin's cases. Therefore, the "capable of repetition but evading review" exception does not apply, and the case is moot.
 
 
 8
 The judgment is reversed and the case is remanded to the district court with instructions to dismiss. See United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950).
 
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not reach that issue because we find the case is moot